### KNOX *v.* SCHOENTHAL.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. SALE—REFUSAL TO ACCEPT—RESALE BY VENDOR.

Defendant bought hops from plaintiff at a certain price per pound, to be packed in bales "weighing from 180 to 200 pounds each, * * * hops to be weighed at the time and place of delivery." Plaintiff delivered the hops to defendant's duly constituted agent, who refused them on the sole ground that they were not of a merchantable quality, whereupon plaintiff resold them. *Held*, in an action for the difference between the contract price and the market price at the time of the resale, that defendant could not raise the objection that some of the bales contained less than 180 pounds.

2. SAME—NOTICE OF RESALE—AGENT OF PURCHASER.

The notice of resale having been given to an agent duly authorized by defendant to make contracts for him in regard to purchasing, receiving, and paying for hops, it is binding on defendant, though the agency was terminated before the notice was given; it appearing that plaintiff had no notice of the termination of the agency.

Appeal from judgment on report of referee.

Action by Orville M. Knox against Max Schoenthal. From a judgment entered in Madison county on 18th February, 1890, upon the report of a referee in favor of the plaintiff for $188.50, with interest from November 16, 1888, and costs, defendant appeals. The evidence is not returned.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*E. P. Haskell*, for appellant. *J. Munroe*, for respondent.

MERWIN, J. The facts, as found by the referee, are substantially as follows: On the 6th February, 1888, the plaintiff made a contract in writing with Munroe Dodge, whereby Dodge agreed to sell and deliver to the plaintiff or his agent, at the purchaser's option, on or before November 1st each year, at the depot at Oneida, his whole crop of hops of the growth of 1888, 1889, and 1890, 5 acres, at 16 cents per pound, 7 pounds tare per bale. Dodge agreed "to pick and cure the same in a clean and proper manner, and properly press and bale the same in good new sacking, in bales weighing from 180 to 200 pounds each." The plaintiff agreed "to receive and pay for said

hops, at the time of delivery, the price of sixteen cents per pound, upon the conditions mentioned above; hops to be weighed at the time and place of delivery." On the 7th September, 1888, the defendant, by his agent, entered into a contract with plaintiff, whereby he bought of plaintiff the Dodge contract, with others, so far as it applied to the crop of 1888, at the price of 25 cents per pound, subject to the terms contained therein. Thereafter the defendant notified Dodge to deliver his hops of 1888 on the 27th October, and Dodge did so at the place fixed by the contract, and duly tendered them to the defendant. The defendant then and there, by his agent, inspected the hops, and rejected them, on the ground only that they were slack dried and unmerchantable, for the reason that they were damp, and upon that ground he refused to pay the agreed price. There were 21 bales, weighing, in the aggregate, 3,923 pounds. Three of them, however, weighed less than 180 pounds each; the weight being 173, 170, and 179, respectively. The referee finds that the hops were not slack dried, but were good and merchantable hops. He also finds that the hops were rejected before they were weighed, and that neither the defendant nor his agent then knew the weight of the said bales, and did not so know till long afterwards. The hops remained at the place of delivery until they were resold by the plaintiff, on the 12th November, 1888, at 20 cents a pound; that being then the highest market price. After the refusal by defendant to take the hops, the plaintiff paid Dodge the amount going to him, and prior to the resale he notified the agent of the defendant of his intention to resell, and hold the defendant liable for any deficiency. After the resale, the plaintiff demanded of the defendant the deficiency, being five cents a pound, and, upon defendant's refusal to pay, brought this action, and recovered the deficiency named.

The defendant upon this appeal necessarily accepts the finding of the referee that the hops were in fact in good order and merchantable, and that his objection which he then took was not good. He, however, claims that the plaintiff should not recover, because the bales did not all weigh from 180 to 200 pounds each, three being less than 180. He, however, absolutely refused to take and pay, giving only the reason that they were not in good order. The weighing under the contract was to be at the time and place of delivery, and the refusal was before the hops were weighed. After the refusal, there was no occasion to weigh the hops. The bales, upon an average, weighed over 180 pounds each, and the small deficiency in the three could have been remedied had the objection then been taken. The referee finds that the contract was substantially complied with. Waiver of a condition precedent may be implied from the acts and conduct of a party. Benj. Sales, (Ed. 1888,) § 742. In *Johnson* v. *Oppenheim*, 55 N. Y. 291, it is said: "When a single objection to the performance is taken, and the party is silent as to all others, they are deemed to be waived. The rule rests upon the ground that the party by his silence has misled his adversary, and, not having spoken when he ought, shall not be permitted to speak when he would." But the defendant says he did not know as to the weight, and therefore did not waive. He, however, ended the matter by his refusal before reaching the subject of the weight. He knew that by the contract the weighing was to be at the time and place of delivery. He, in effect, said: "We will not go into that subject; it is a matter of no importance." See *Smith* v. *Pettee*, 70 N. Y. 17; *In re New York, W. S. & B. R. Co.*, 35 Hun, 578. In *Newbery* v. *Furnival*, 56 N. Y. 638, cited by the defendant's counsel, there was an inability on the part of plaintiff to perform. Here, if objection to the weight had been taken, it might have been remedied. In that respect it is more like the case of *Smith* v. *Pettee*, above cited. We are of the opinion that the variance in the weight of bales is not available here as a defense.

It is further claimed by the defendant that he was not notified of the intention of plaintiff to sell the hops, and hold him for the deficiency, and that

therefore the measure of damages adopted by the referee was not correct. Notice was given to Steinkampf, the agent of defendant, who made the contract with plaintiff, and who inspected and rejected the hops. The referee finds, upon the request of the defendant, that the agency terminated on the 31st October, 1888. The notice was given after this date, but it does not appear that the plaintiff knew of the termination of the agency. We must assume that he did not. It is alleged in the complaint, and admitted by the answer, that Steinkampf "was the regularly constituted and appointed agent of the defendant, duly authorized and empowered by the defendant to make bargains, contracts, and agreements for and in behalf of said defendant, in and about purchasing, contracting for, accepting, receiving, and paying for hops purchased in behalf of said defendant, and to do all acts and things necessary to carry into full force and effect such agency." Steinkampf lived in Oneida; the defendant lived in New York. The defendant received the benefit of the highest market value at the time of the sale, and it does not appear that hops were any higher at the time of delivery. We are of the opinion that plaintiff was justified in giving notice to the agent, and defendant has no ground for complaint. The defendant further claims a settlement, but that is not made to appear. Judgment affirmed, with costs. All concur.